IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARCO DI GIUSTINO, | CIVIL NO. 16-00192 LEK-KSC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| vs. | |
| SMARTECARTE COMPANY, INC.; JEFF CHEN, Manager; CARL ZUETERMEISTER, Assistant Manager; JEFF CHAN, Assistant General Manager; JOHN DOES 1-5, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On April 19, 2018, Plaintiff filed a Motion for Default Judgment.[1]  The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  For the reasons articulated below, the Court RECOMMENDS that the Motion be DENIED.

Plaintiff requests that default judgment enter against Defendant Carl Zuttermeister.  Plaintiff's misapprehension of the law is evident based on the following complaint:

---

[1] Plaintiff continues to violate the Local Rules.  Although previously admonished about the formatting of his document, he again fails to comply with the Local Rules.  Plaintiff is expected to adhere to all applicable rules and statutes notwithstanding his *pro se* status.  Local Rule 83.13.  Failure to do so may result in the imposition of sanctions, including but not limited to dismissal of this action.

> It is peculiar why default judgment has not yet entered into place for the unresponsive party. This is not Plaintiff's responsibility but either the Clerk's or Judge's. Rule 55. This course of action is very appropriate in the current proceedings in order to avoid encouraging the Defendants' careless behavior.

Mot. at ¶ 18. It is well-established that an entry of default must precede a motion for default judgment. Brooks v. United States, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1997) ("The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court."). Insofar as default has not entered against Defendant Zuttermeister, the present Motion is premature. Despite Plaintiff's belief to the contrary, neither this Court nor the Clerk's office is responsible for taking action *sua sponte* on Plaintiff's behalf. The Court therefore recommends that the Motion be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 20, 2018.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00192 LEK-KSC; DI GIUSTINO V. SMARTECARTE, INC., ET AL.; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT